IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIDNEY PATTERSON,<br>Petitioner<br><br>v.<br><br>WARDEN USP CANAAN,<br>Respondent | No. 1:23-CV-0819<br><br>(Judge Munley) |

## MEMORANDUM

Petitioner Sidney Patterson initiated the above-captioned action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He attempts to collaterally attack his conviction and sentence entered in 2019 in the United States District Court for the Eastern District of Louisiana. The Court will dismiss Patterson's Section 2241 petition for lack of jurisdiction.

I. BACKGROUND

Patterson is currently serving a life sentence imposed by the United States District Court for the Eastern District of Louisiana for RICO conspiracy, conspiracy to distribute cocaine base, and murder in aid of racketeering. See United States v. Jones, No. 2:13-CR-205-7, Doc. 919 (E.D. La. Nov. 7, 2019). Patterson exhausted his direct appeals when the Supreme Court of the United States denied his petition for a writ of certiorari on January 11, 2021. See id., Doc. 997.

On December 15, 2021, Patterson sought leave of court to prospectively extend the time to file a motion to vacate or correct sentence under 28 U.S.C. § 2255. See id., Doc. 1057. The court denied that request, noting that Patterson had until January 11, 2022, to timely file his Section 2255 motion and that the court "had no authority to prospectively extend the AEDPA's statute of limitations." Id., Doc. 1058 at 1-2 (citations omitted). It does not appear that Patterson ever filed a Section 2255 motion.

Patterson lodged the instant Section 2241 petition in this Court in May 2023. (Doc. 1). He attempts to collaterally attack his sentence through 28 U.S.C. § 2255(e) and Section 2241, relying primarily on the United States Supreme Court's decision in Borden v. United States, 593 U.S. 420 (2021).[1] Because this Court does not have jurisdiction to entertain Patterson's Section 2241 petition, it must be dismissed.

## II.     DISCUSSION

Patterson attempts to challenge his sentence by arguing that Borden's intervening change in statutory law renders invalid his conviction for murder in aid of racketeering. (See Doc. 1-1 at 2-5). His attempt to utilize Section 2255(e)

---

[1] On June 10, 2021, the Supreme Court in Borden held that a criminal offense that requires only a *mens rea* of "recklessness" cannot qualify as a predicate "violent felony" conviction for purposes of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Borden, 593 U.S. at 423.

2

and Section 2241 to collaterally attack his murder conviction fails for two reasons. First, Patterson could have raised his Borden-based claim (and any other post-conviction claim) in a Section 2255 motion. Second, and more importantly, recent Supreme Court precedent forecloses Patterson's attempt to utilize a Section 2241 petition to challenge his conviction.

Generally, the presumptive method for bringing a collateral challenge to the validity of a federal conviction or sentence is a motion to vacate pursuant to 28 U.S.C. § 2255. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citation omitted). Only in the exceedingly rare circumstance where a Section 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention" can a federal prisoner proceed under Section 2241 instead of Section 2255. See 28 U.S.C. § 2255(e) (sometimes referred to as the "safety valve" or "saving clause"); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), abrogated by Jones v. Hendrix, 599 U.S. 465 (2023).

For many years, the law in the Third Circuit (and the majority of other circuits) was that this "saving clause" in Section 2255(e) applied when an intervening change in controlling, substantive law renders the petitioner's prior conduct noncriminal. See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 179-80 (3d Cir. 2017) (collecting cases), abrogation recognized by Voneida v. Johnson, 88 F.4th 233 (3d Cir. 2023). In other words, for more than two

3

decades, the Third Circuit held that Section 2255(e) permitted a federal prisoner to resort to Section 2241 when he "had no earlier opportunity to challenge" a conviction for a crime "that an intervening change in substantive law may negate." Id. at 180 (quoting Dorsainvil, 119 F.3d at 251).

On June 22, 2023, however, the Supreme Court of the United States decided Jones v. Hendrix, abrogating—among other circuit court decisions—In re Dorsainvil and affecting a sea change in habeas practice with respect to Section 2241 petitions. See Jones, 599 U.S. at 477. The Jones Court explicitly held that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." Id. at 471.

Rather, Section 2255(e)'s saving clause is reserved for exceedingly rare situations where it is "impossible or impracticable to seek relief in the sentencing court," such as when the sentencing court dissolves or when the prisoner is unable to be present at a necessary hearing. See id. at 474-75, 478. The saving clause also "preserves recourse to § 2241 . . . for challenges to detention other than collateral attacks on a sentence." Id. at 478; see also id. at 475-76. In all other circumstances, a convicted prisoner's *only* avenue for filing a second or successive Section 2255 motion attacking his sentence is expressly codified in 28 U.S.C. § 2255(h): "newly discovered evidence," 28 U.S.C. § 2255(h)(1), or "a

new rule of *constitutional* law," id. § 2255(h)(2) (emphasis added). Jones, 599 U.S. at 477-80.

Patterson's Section 2241 petition fails under the law preexisting Jones and, of course, following it. Before Jones was decided, Section 2255(e)'s saving clause did not apply because Patterson had the ability to raise his Borden-based claim (which case was decided in June 2021) in a motion under Section 2255. After all, Patterson's one-year statute of limitations for a Section 2255 motion did not expire until January 11, 2022. See United States v. Jones, No. 2:13-CR-205-7, Doc. 1058 at 1 (E.D. La. Dec. 21, 2021); 28 U.S.C. § 2255(f)(1). The fact that he did not timely file such a motion does not render Section 2255 "inadequate or ineffective" such that he can resort to Section 2241. See, e.g., Lanter v. Warden Lewisburg USP, 844 F. App'x 489, 490-91 (3d Cir. 2021) (nonprecedential) (explaining that simply because petitioner failed to timely file an initial Section 2255 motion invoking intervening change in controlling law based on new Supreme Court precedent did not render Section 2255 "inadequate or ineffective" and permit resort to a Section 2241 petition through Section 2255(e)).[2]

---

[2] Patterson also appears to assert an interrelated claim of ineffective assistance of counsel regarding jury instructions. (See Doc. 1-1 at 4). This claim, however, also could have been raised in a Section 2255 motion and cannot be asserted through a Section 2241 petition long after the one-year statute of limitations for a Section 2255 motion has expired. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam) (noting that Section 2255 is not "inadequate or ineffective" such that a petitioner could invoke Section 2241 "merely because . . . the one-year statute of limitations [for a Section 2255 motion] has expired").

5

More importantly, after Jones—the law which this Court must apply—Patterson's invocation of Borden no longer qualifies for resort to the saving clause in Section 2255(e). Nor does it meet the requirements for a second or successive Section 2255 motion found in Section 2255(h).

At bottom, Section 2255(e) does not apply to Patterson's claim. Thus, his Section 2241 petition must be dismissed for lack of jurisdiction. See Cradle, 290 F.3d at 538, 539.

### III.   CONCLUSION

Based on the foregoing, the court will dismiss Patterson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

Date: 3/15/24

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court